Murdock,
dissenting: I dissent from that part of the prevailing opinion which allows a loss sustained with respect, to the sand plant and equipment as a part of the “ net loss ” under section 204 (a) (1) of the Revenue Act of 1918. In case a petitioner claims a “ net loss ” under this section and the Commissioner denies the “ net loss ” for the reason that it is not an operating loss, it is incumbent upon the petitioner to show what its business was and to show the relation of the particular transaction in question to the business which it regularly carried on in that year so that we can determine whether or not it can be said that the loss resulted from the operation of that business.
In the present case we not only do not know how the transaction in question was related to any business regularly carried on by the petitioner during the taxable year, but we do not even know what the business was which the petitioner regularly carried on during the taxable year. The prevailing opinion infers from the name of the petitioner that the company was engaged in the brick business. That opinion also seems to draw some support from allegations made by the petitioner in a counterclaim in a suit brought against it for the balance of the purchase price of the sand plant. Even in that proceeding those allegations would have required proof and in this proceeding they are mere self-serving declarations having no probative value.
From all of the facts in evidence I am unable to form any opinion as to whether or not a loss on the sand plant and equipment was a “ net loss.” If additional facts had been proven they might well have shown that this was a “ net loss,” but, on the contrary, it is quite possible that, consistent with the facts already proven, other facts existed which would have shown that this was not a “ net loss ” because it did not result from the operation of any trade or business regularly carried on by the taxpayer. In the absence of proof of these facts, I am not willing to make any assumption in regard to them.
Sterni-iagen concurs in the dissent.